# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**STEVEN R. DEWITT,**

    **Plaintiff,**

vs.                                      Case No.  4:18cv281-MW/CAS

**DOCTOR JANET LEACOCK,**
**and SERGEANT WILSON,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Pro se Plaintiff Steven Dewitt filed a second amended civil rights complaint ["complaint"] pursuant to 42 U.S.C. § 1983.  ECF No. 29. Service was directed, ECF No. 31, and Defendant Wilson filed an answer to the complaint, ECF No. 41.  A few days later, Defendant Leacock filed a motion to dismiss the complaint.  ECF No. 43.  Plaintiff was advised of his obligation to respond to the motion, ECF No. 46, and his response, ECF No. 52, was timely filed.

**Allegations of the Complaint, ECF No. 29**

As against Defendant Janet Leacock, Plaintiff alleged that he advised her that he was "hearing voices," telling him to harm himself and others. Plaintiff assaulted his cellmate because the voices in his head told him to do so. Plaintiff also alleged that because he was unable to control the voices in his head, he began to cut himself with razors and swallowed a razor. *Id.* at 6-7. Plaintiff alleges that Dr. Leacock was deliberately indifferent to his medical needs when she discharged him from an emergency psychological evaluation status. *Id.* at 6.

**Motion to Dismiss, ECF No. 43**

Dr. Leacock moves to dismiss the claim brought against her on the basis that Plaintiff "failed to properly exhaust his available administrative remedies prior to filing suit" as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). ECF No. 43 at 3. Dr. Leacock states that "the face of Plaintiff's Complaint shows that Plaintiff has failed to exhaust the claims raised in his Complaint." *Id.* at 2. Moreover, Dr. Leacock provides copies of Plaintiff's grievances and asserts that Plaintiff filed an informal grievance and a formal grievance, but did not file a grievance appeal. *Id.* Thus, Defendants contends that Plaintiff did not exhaust administrative remedies,

and she points out that Plaintiff did not allege that he exhausted such remedies either. ECF No. 43 at 2.[1]

Defendant Leacock also argues that dismissal is appropriate because Plaintiff failed to state a claim. *Id.* at 4-5. Defendant contends that Plaintiff did not allege facts which show "Defendant Leacock was deliberately indifferent to Plaintiff's medical need." *Id.* at 5.

**Plaintiff's Opposition, ECF No. 52**

Plaintiff admits that he did not complete the grievance process as to this claim, but he argues that "the administrative grievance process was not available" to him. ECF No. 52 at 3. Plaintiff contends that he could not continue the grievance process because of Sergeant Wilson's "constant verbal threats." *Id.* As for the merits of his claim, Plaintiff states that Defendant Leacock's discharging him with knowledge that he was hearing voices was deliberate indifference. *Id.* at 4. He further insinuates that he was discharged by Defendant Leacock because he had threatened her "about a damn grievance." *Id.*

---

[1] Defendant separately filed Plaintiff's grievances under seal. *See* ECF No. 47.

Case No. 4:18cv281-MW/CAS

**Analysis**

"The Prison Litigation Reform Act of 1995 (PLRA) mandates that an inmate exhaust 'such administrative remedies as are available' before bringing suit to challenge prison conditions." 42 U.S.C. § 1997e(a) (quoted in Ross v. Blake, 136 S. Ct. 1850, 1854-55, 195 L. Ed. 2d 117 (2016)). The Supreme Court has held that "failure to exhaust is an affirmative defense under the PLRA." Jones v. Bock, 549 U.S. 199, 216, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007). "[D]efendants bear the burden of proving that the plaintiff has failed to exhaust his available administrative remedies." Turner v. Burnside, 541 F.3d 1077, 1082 (11th Cir. 2008); *see also* Jones, 127 S.Ct. at 921 (concluding "that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints."). The issue of exhaustion is "treated as a matter in abatement."[2] Bryant v. Rich, 530

---

[2] "Where exhaustion . . . is treated as a matter in abatement and not an adjudication on the merits, it is proper for a judge to consider facts outside of the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record." Bryant, 530 F.3d at 1376. Additionally, Turner v. Burnside "established a two-step process for resolving motions to dismiss prisoner lawsuits for failure to exhaust." Whatley, 802 F.3d at 1209 (quoting Turner, 541 F.3d at 1082). First, if the factual allegations in the motion to dismiss conflict with those in the prisoner's response, the prisoner's view of the facts must be accepted as true. If the prisoner's facts show a failure to exhaust, the motion to dismiss must be granted. Second, if dismissal is not warranted based on the prisoner's factual

F.3d 1368, 1374 (11th Cir. 2008) (cited in Turner v. Burnside, 541 F.3d 1077, 1082 (11th Cir. 2008)). Such a "defense is treated 'like a defense for lack of jurisdiction,' although it is not a jurisdictional matter." Bryant, 530 F.3d at 1374 (cited in Turner, 541 F.3d at 1082).

The purpose of exhaustion is to "afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." Woodford v. Ngo, 548 U.S. 81, 93, 126 S. Ct. 2378, 2387, 165 L. Ed. 2d 368 (2006) (quoted in Whatley v. Warden, Ware State Prison, 802 F.3d 1205, 1208 (11th Cir. 2015)). By requiring "proper exhaustion," two important goals are served: "It gives prisoners an effective incentive to make full use of the prison grievance process and accordingly provides prisons with a fair opportunity to correct their own errors." Woodford, 548 U.S. at 94, 126 S. Ct. at 2387-88. It also benefits the judicial system by creating an administrative record, preserving evidence, and identifying witnesses. Id. at 94-95, 126 S. Ct. at 2388. The Court has not wavered from requiring prisoners to "properly exhaust" administrative remedies as required by § 1997e(a). Jones, 549 U.S. at 218, 127 S.Ct. at

---

allegations, the court must "make specific findings to resolve disputes of fact, and should dismiss if, based on those findings, defendants have shown a failure to exhaust." *Id.* at 1082-83; *see also* 802 F.3d at 1209.

Case No. 4:18cv281-MW/CAS

922-23.  The Supreme Court has explained that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Woodford, 548 U.S. at 90-91, 126 S. Ct. at 2386.  Thus, it is necessary to impose a "sanction" for non-compliance with a prison's grievance system. *Id.* at 95, 126 S. Ct. at 2388.

Ruling on a "motion to dismiss for failure to exhaust administrative remedies is a two-step process."  Turner, 541 F.3d at 1082 (citation omitted).  "First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true."  *Id.*  "If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed."  *Id.*  (citing to Bryant, 530 F.3d at 1373-74).  'If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion."  Turner, 541 F.3d at 1082 (citing Bryant, 530

F.3d at 1373–74, 1376).³  The burden of proof for evaluating an exhaustion defense rests with the defendant.  Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 921, 166 L.Ed.2d 798 (2007) ("We conclude that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints."); Turner, 541 F.3d at 1082-83.

In this case, the rules of the Florida Department of Corrections require a prisoner to complete a three-step process to exhaust administrative remedies.  Thus, a prisoner must file an informal grievance, then a formal grievance, and finally a grievance appeal to the Office of the Secretary.  Plaintiff filed an informal grievance against Dr. Leacock on June 3, 2018.  ECF No. 47 at 6.  That grievance was denied on June 7, 2018, and appears to have been denied by Dr. Leacock.  *Id.*  Plaintiff then submitted a formal grievance to the Assistant Warden's office on June 17, 2018.  ECF No. 47 at 4.  That grievance was denied on June 25, 2018, and Plaintiff was advised that he could obtain further administrative review by

---

³ "Where exhaustion . . . is treated as a matter in abatement and not an adjudication on the merits, it is proper for a judge to consider facts outside of the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record." Bryant, 530 F.3d at 1376.

submitting an appeal to the Office of the Secretary within 15 calendar days. *Id.* at 5.

As noted above, Plaintiff contends that Defendant Wilson's verbal threats against him prevented him from continuing the grievance process. ECF No. 52 at 3. Plaintiff's statements concerning those threats were not made under oath, but they have been accepted for present purposes in ruling on the motion to dismiss. However, they are insufficient to demonstrate that Plaintiff's claim against Defendant Leacock should proceed. The reason is that this case was filed prematurely. Plaintiff initiated this action on June 11, 2018, ECF Nos. 1-4, but that date is *before* Plaintiff filed the formal grievance. A prisoner's non-compliance with the rules must be met with a sanction because the PLRA is not a "toothless scheme." Woodford, 548 U.S. at 95, 126 S. Ct. at 2388 (noting that "[a] prisoner who does not want to participate in the prison grievance system will have little incentive to comply with the system's procedural rules unless noncompliance carries a sanction"). Accordingly, Defendant Leacock's motion to dismiss, ECF No. 43, should be granted.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Defendant Leacock's motion to dismiss, ECF No. 43, should be **GRANTED**, and the claim against Defendant Leacock dismissed because Plaintiff failed to properly exhaust administrative remedies prior to filing his claim against her. It is further recommended that this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on October 7, 2019.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**